Wachtler, J.
(dissenting). The wiretap warrant in this case authorized the tapping of a telephone located at John Prunty’s home in New York County in order to obtain evidence of bribery and related offenses allegedly committed in New York County. The application, however, was not made by the New York County District Attorney, but rather by the District Attorney of Bronx County. In my view this prosecutor was not *766 the proper applicant and accordingly the evidence he obtained without lawful authority should be suppressed.
There is no doubt that the Bronx County District Attorney had no authority to prosecute the bribery offenses designated in the warrant. Indeed he readily concedes that "[a]s of the date of the application * * * there was no evidence that any of the acts constituting these crimes had occurred in Bronx County.” Nevertheless he claims, and apparently the majority agrees, that although the information in the application did not "give rise to probable cause to 'believe’ that the crime is then or will be committed in” Bronx County, he should be held to be authorized to make the application and obtain the warrant because there was a "reasonable nexus between the object crime and * * * [Bronx] County.”
The "reasonable nexus” is based entirely on telephone records indicating that on specific dates in the summer and fall of 1974 two phone calls were made from a phone located in a Bronx bar to certain telephone numbers listed as the private residences of correctional employees; one call for 2 minutes and the other for 15. One correctional officer allegedly stated that he received a call from Prunty on a "Friday night in September or October, 1974”, but of course there is no indication where Prunty was when he made the call. The People, however, theorize that Prunty, who resided in New York County, could have made the call from the Bronx bar because, on occasion, he was one of the patrons observed at the bar. Thus the "reasonable nexus” to Bronx County is based on pure speculation. Significantly when the officer agreed to continue the conversations with Prunty he invariably called or, at least, reached Prunty at his home in New York County and not at the Bronx bar where Prunty was said to be a regular customer and presumably initiated the bribe offer. In sum, the Bronx District Attorney went to New York County to tap a phone in order to obtain evidence of a crime which he concededly could not prosecute, in the hope that it might ultimately disclose evidence of criminal acts committed in Bronx County by John Prunty who frequented a bar there.
Of all the investigative techniques available to the police wiretapping poses the gravest intrusion on the individual’s privacy and constitutional rights. It is an extraordinary measure acceptable only in extraordinary situations, and subject always to close regulation by constitutional mandate (Berger v *767 New York, 388 US 41) and statutory prescription (see, e.g., US Code, tit 18, § 2510 et seq.; CPL 700.05 et seq.). At the heart of these restrictions is the requirement that a wiretap warrant can only be issued upon the application of certain designated public officials (US Code, tit 18, § 2516, subd [2]; CPL 700.05, subd 5; 700.10, subd 1). The majority’s decision, requiring nothing more than a speculative interest on the part of the District Attorney — who concededly could not prosecute the offense designated in the warrant or even execute the warrant within the confines of his own jurisdiction — can only lead to an unpredictable proliferation of potential wiretap applicants, wholly at variance with the basic policy that access to wiretap orders be strictly limited to certain designated public officials.
Accordingly, I would grant the motion to suppress, reverse the conviction and dismiss the indictment.
Chief Judge Cooke and Judges Jasen, Gabrielli and Fuchs-berg concur; Judge Wachtler dissents and votes to reverse in an opinion in which Judge Jones concurs.
Order affirmed in a memorandum.